FILED
United States Court of Appeals
Tenth Circuit

March 30, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENExec CIRCUIT

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GENE FRANKLIN,

Defendant - Appellant.

No. 09-3358
(D. Kansas)
(D.C. Nos. 2:09-CV-02439-JWL and
2:06-CR-20176-JWL-1)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

---

Before **MURPHY**, **GORSUCH,** and **HOLMES**, Circuit Judges.

---

This matter is before the court on Gene Franklin's pro se request for a

certificate of appealability ("COA").  Franklin seeks a COA so he can appeal the

district court's denial of his 28 U.S.C. § 2255 motion.  28 U.S.C. § 2253(c)(1)(B).

Because Franklin has not "made a substantial showing of the denial of a

constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and

**dismisses** this appeal.

Following a jury trial, Franklin was convicted of two counts of aiding or

assisting in the preparation or filing of false or fraudulent federal income tax

returns, in violation of 26 U.S.C. § 7206(2).  Franklin did not appeal his

convictions.  Instead, he filed the instant § 2255 motion, raising thirteen general

grounds for relief. In a thorough order, the district court denied Franklin's § 2255 motion. In so doing, the district court noted that the vast majority of Franklin's claims were inherently incredible, conclusory allegations unsupported by facts, or "hackneyed tax protestor" refrains consistently rejected by the federal courts. *See, e.g., United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990).

The granting of a COA is a jurisdictional prerequisite to Franklin's appeal from the denial of his § 2255 motion. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, Franklin must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (quotations omitted). In evaluating whether Franklin has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Franklin need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Franklin's appellate filings, the district court's order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, we conclude Franklin is not entitled to

a COA. The district court's thorough and considered resolution of Franklin's § 2255 motion is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings. Accordingly, this court **DENIES** Franklin's request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge